Filed 1/29/25  P. v. Taylor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C101265 |
| v. | (Super. Ct. Nos. 62-185668, 62-189201) |
| ANTWAN DUPRE TAYLOR, | |
| Defendant and Appellant. | |

Defendant Antwan Dupre Taylor appeals from a trial court order denying his motion to modify his sentence under Penal Code section 1385[1] and former section 1171.1 (now section 1172.75).[2]  Appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this court to review the record and determine whether there are any arguable

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Section 1171.1 was renumbered section 1172.75 without substantive change. (Assem. Bill No. 200 (2021-2022 Reg. Sess.); Stats. 2022, ch. 58, § 12.)  We refer to section 1172.75 throughout this opinion.

1

issues on appeal. After he was notified of the right to file a supplemental brief, defendant filed a document requesting (1) the appointment of counsel to move for relief under the California Racial Justice Act of 2020 (the Racial Justice Act) (§ 745), and (2) a resentencing hearing under Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Stats. 2023, ch. 446) and section 1172.1.

We have found no basis on this record for defendant to request, in his *Wende*/*Delgadillo* supplemental brief, the appointment of counsel to assert a Racial Justice Act claim, or a resentencing hearing under section 1172.1. Nevertheless, we have exercised our discretion and undertaken an examination of the entire record. Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying defendant's motion to modify his sentence under section 1385 and section 1172.75.

## BACKGROUND

In case No. 62-185668 (the gun possession case), the People charged defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1)) and unlawful possession of ammunition (§ 30305, subd. (a)(1)). The People further alleged defendant had a prior strike conviction for discharge of a firearm at a dwelling. (§§ 246, 667, subd. (b)-(i), 1170.12, subd. (a)-(d).) In case No. 62-189201 (the drug possession case), the People charged defendant with possession of a controlled substance in jail. (§ 4573.6.) The People also alleged the prior strike conviction.

Defendant resolved both cases by pleading no contest to possession of a firearm by a felon (§ 29800, subd. (a)(1)) and admitting the prior strike allegation in the gun possession case, and in pleading no contest to an added charge of being an accessory (§ 32) in the drug possession case. Consistent with the plea agreement, the trial court sentenced defendant to four years in prison, consisting of the middle term of two years for possession of a firearm, doubled for the prior strike, and a concurrent 180 days in

2

the drug possession case. Defendant did not appeal the judgment and it became final. (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206.)

In February and March of 2024, defendant filed motions to modify his sentence pursuant to section 1385. The trial court denied the motions based on insufficient information. On April 4, 2024, defendant filed another motion to modify his sentence under section 1385 and section 1172.75. The trial court denied the motion, concluding defendant does not have a prior prison term subject to resentencing under section 1172.75.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436; *Delgadillo, supra*, 14 Cal.5th 216.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a document requesting (1) the appointment of counsel to move for relief under the Racial Justice Act, and (2) a resentencing hearing under Assembly Bill No. 600 and section 1172.1. Those requests were not presented to the trial court and do not concern any matter fairly included in the relevant trial court ruling. Although section 1172.75 and section 1172.1 both permit the trial court to consider resentencing a defendant, they do so under different mechanisms with different triggers. (Compare § 1172.75, subds. (b)-(c) with § 1172.1, subd. (a).) Moreover, we do not understand section 745, subdivision (b) to require this court to separately appoint counsel for the assertion of a Racial Justice Act claim under the circumstances currently before us. Accordingly, we will not consider the requests in this appeal. But nothing in this opinion should be construed as prohibiting defendant from filing such requests in the trial court.

3

Nevertheless, we have exercised our discretion and undertaken an examination of the entire record. Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying defendant's motion to modify his sentence under section 1385 and section 1172.75.

## DISPOSITION

The trial court's order denying defendant's motion to modify his sentence under section 1385 and section 1172.75 is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
ROBIE, Acting P. J.

_____/S/_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.